JOSEPH W. COTTINGHAM v. R. B. HOSS.

**Warranty, Breach of—Evidence to Establish.**
To establish a breach of warranty without a judicial eviction, the evidence must be of a clear and preponderating character.

APPEAL FROM LEWIS CIRCUIT COURT.

January 19, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The petition and amended petition only charge a general warranty of the title of the horse sold by appellant to appellee and Latle and against the title of the United States Government and its officers.

As the horse had been sold by a quarter-master of the United States army and purchased by appellant he became possessed of the government title which could not be impaired because the proper brand indicating it had been condemned was not placed on it.

Even if the U. S. brand on the shoulder should be regarded as *prima facie* title in the government the proof of sale by the quarter-master repels this presumption.

To establish a breach of warranty without a judicial eviction on the mere claim of military officers who were generally not well versed in the law or its administration, nor in the private personal rights of the citizen would violate the great protection thrown around them.

Where there is no judicial eviction to authorize a recovery upon the warranty of title the evidence must be of a clear and satisfactory character which it is not in this case being mainly the *prima facie* presumption arising from the brand which is fully repelled by the proof of sale by the proper officer.

Wherefore the judgment is reversed with directions for a new trial.

*G. M. Thomas, Phister, for appellant.*